IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| **ELAINE M. MONLUX, individually as the surviving spouse and as Executor for the Estate of RICHARD A. MONLUX, deceased,**<br><br>Plaintiffs,<br><br>v.<br><br>**3M COMPANY** f/k/a Minnesota Mining and Manufacturing Company;<br><br>**A.O. SMITH CORPORATION**;<br><br>**AECOM ENERGY & CONSTRUCTION, INC.** f/k/a URS Energy & Construction, Inc., f/k/a Washington Group International, Inc., f/k/a Morrison Knudsen Corporation; successor-in-interest to United Engineers & Constructors, Inc., Raytheon Engineers & Constructors, Inc., HK Ferguson, Inc., Catalytic, Inc., The Badger Company, Inc. and Stearns-Roger Corp.;<br><br>**AIR & LIQUID SYSTEMS CORPORATION** individually and as successor-in-interest to Buffalo Pumps, Inc.;<br><br>**ALTEN TECHNOLOGY USA, INC.** as successor-by-merger to ACL Digital, f/k/a ACL Technologies, Inc. f/k/a United Industrial Corporation; | NO.<br><br>COMPLAINT FOR PERSONAL INJURIES, SURVIVORSHIP, AND WRONGFUL DEATH |



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

**APOLLO SHEET METAL, INC.**;

**ARMSTRONG INTERNATIONAL, INC.**;

**ATLANTIC RICHFIELD COMPANY**;

**BAE SYSTEMS, INC.**
individually and as successor-in-interest to Vitro Engineering Corp.;

**BECHTEL CORPORATION**;

**BW/IP INC.**
and its wholly-owned subsidiaries;

**CLEAVER-BROOKS, INC.**
f/k/a Aqua-Chem, Inc. d/b/a Cleaver-Brooks Division;

**CLYDE UNION INC.**
f/k/a Union Pump Company;

**COLUMBUS MCKINNON CORPORATION**
successor-in-interest to Yale Crane and Shaw-Box Company;

**DAYTON ELECTRIC MANUFACTURING CO.**;

**DCO LLC**
individually and as successor-in-interest to Victor Gasket Manufacturing Company;

**DEZURIK, INC.**;

**ECODYNE CORPORATION**;

**E. J. BARTELL'S SETTLEMENT TRUST**;

**EMERSON ELECTRIC CO.**
individually and as successor-in-interest to Copeland Corporation;

**EXXONMOBIL CORPORATION**;



**WEINSTEIN CAGGIANO PLLC**
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

**FISHER CONTROLS INTERNATIONAL LLC;**

**FLOWSERVE CORPORATION**
f/k/a The Durion Company, Inc.;

**FLOWSERVE US INC.**
individually and as successor-in-interest to Edward Valves, Inc., Lawrence Pumps, Inc. and Rockwell Manufacturing Company;

**FMC CORPORATION**
on behalf of its former Peerless Pump business and Northern Pump business;

**FOSTER WHEELER ENERGY CORPORATION;**

**FRYER-KNOWLES, INC., A WASHINGTON CORPORATION;**

**GARDNER DENVER NASH, LLC**
individually and as successor-in-interest to The Nash Engineering Company;

**GENERAL ELECTRIC COMPANY;**

**GOULDS PUMPS, INCORPORATED;**

**GOULDS PUMPS LLC**
f/k/a Goulds Pumps Inc.;

**GRIGG ENTERPRISES, INC.;**

**GRINNELL LLC**
d/b/a Grinnell Corporation;

**GTE OPERATIONS SUPPORT INCORPORATED;**

**HASKELL CORPORATION;**

**HENRY PRATT COMPANY, LLC**
a subsidiary of Mueller Co. LLC; d/b/a Henry Pratt Company;



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

**HOLLINGSWORTH & VOSE COMPANY;**

**IMO INDUSTRIES, INC.;**

**ITT LLC**
f/k/a ITT Corporation, ITT Industries Inc., ITT Fluid Products Corp., Hoffman Specialty Mfg. Corp., Bell and Gossett Company, ITT Marlow, and Kennedy Valve Company;

**J-U-B ENGINEERS, INC.;**

**THE J.R. CLARKSON COMPANY LLC**
individually and as successor-in-interest to Kunkle Valve Company;

**KIEWIT CORPORATION;**

**KINGSBURY, INC.;**

**LAMONS GASKET CO., INC.;**

**MCNALLY INDUSTRIES, LLC**
individually and as successor-in-interest to Northern Fire Apparatus;

**METALCLAD INSULATION LLC**
individually and as successor-by-merger to Metalclad Insulation Corporation successor-in-interest to Metalclad Insulation Company, Inc.;

**METROPOLITAN LIFE INSURANCE COMPANY**
a wholly owned subsidiary of Metlife Inc.;

**MILTON ROY, LLC**
f/k/a Milton Roy Company;

**MORRISON CONSTRUCTION COMPANY, INC.;**

**NOISE CONTROL OF WASHINGTON, INC.;**

**PARAMOUNT GLOBAL**



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

f/k/a ViacomCBS Inc. f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom, Inc. successor-by-merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation;

**PUGET SOUND PIPE AND SUPPLY COMPANY;**

**REDCO CORPORATION**
f/k/a Crane Co.;

**RILEY POWER INC.**
f/k/a Babcock Borsig Power Inc., f/k/a DB Riley, Inc., f/k/a Riley Stoker Corporation;

**SEQUOIA VENTURES, INC.**
f/k/a Bechtel Corporation;

**SIEMENS CORPORATION**
as successor-in-interest to USFILTER Corporation f/k/a USFILTER Water Process Systems, Inc.;

**SPIRAX SARCO, INC.;**

**STERLING FLUID SYSTEMS (USA) LLC;**

**TURNER CONSTRUCTION COMPANY;**

**UNION CARBIDE CORPORATION;**

**VALVES AND CONTROLS US, INC.**
f/k/a Weir Valves & Controls USA Inc. d/b/a Atwood & Morrill Co., Inc.;

**VELAN VALVE CORP.;**

**VIKING PUMP, INC.;**

**WARREN PUMPS LLC;**

**WESTROCK COMPANY**
individually and as successor-by-merger to KapStone Paper & Packaging Corporation, f/k/a Longview Fiber Paper Mill;



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

**YORK INTERNATIONAL CORPORATION;**

**YUBA HEAT TRANSFER LLC,**

Defendants.

## I. FACTUAL BACKGROUND

1. Plaintiff, Elaine M. Monlux, surviving spouse of decedent Richard A. Monlux, sues the above-named Defendants for compensatory and punitive damages, by and through the undersigned counsel, and hereby bring this Civil Action Complaint.

2. Plaintiff Elaine M. Monlux is suing on behalf of herself, individually, as well as on behalf of decedent Richard A. Monlux's estate. On November 9, 2023, the Superior Court of the State of Washington in the County of Franklin County issued Letters Testamentary and an Order appointing Elaine M. Monlux as the Executor of the Estate of Richard A. Monlux (attached as Exhibit A)

3. Plaintiffs brings this action as specified in RCW 4.20.010-4.20.020 on behalf of the Estate of Richard A. Monlux and of the surviving heirs of Richard A. Monlux, deceased.

4. Defendants and/or their predecessors-in-interest are corporations who, at all times relevant herein, mined, manufactured, sold, supplied, specified, required, utilized, and/or distributed asbestos-containing products or products that were used in conjunction with asbestos, and/or asbestos-containing products and/or equipment, and/or equipment designed to be used with asbestos-containing products mined, manufactured, supplied, processed, imported, converted, compounded and/or sold by the Defendants. Defendants and/or their predecessors-in-interest are corporations that may also have exerted control over aspects of work performed within the property where, and/or through which, Decedent Richard A. Monlux was exposed to respirable asbestos fibers.

5. Decedent, Richard A. Monlux, (DOB: [redacted]) was exposed to asbestos and asbestos-containing products that had been mined, manufactured, produced, used, and/or placed into the stream of commerce by the defendants. As a direct and proximate result of this exposure, Decedent



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

Richard A. Monlux developed mesothelioma and subsequently died on August 07, 2023 (Death Certificate attached hereto as Exhibit B). Plaintiff provides the following information:

A. Specific Disease: Mesothelioma

B. Date of Diagnosis: March 17, 2023

C. Date of Death: August 07, 2023

D. Occupation: Pipefitter helper / Technical Surveyor / Pipefitter

E. Places of Exposure:

Lockheed Shipbuilding Company f/k/a Puget Sound Bridge & Dredging Co., Seattle, WA

Hanford Nuclear Facility, Benton County, WA

Longview Fibre Paper Mill, Longview, WA

F. Dates of Exposure: Approx. 1961-1980's

G. Current Address: Deceased- Not Applicable

6. Decedent Richard A. Monlux lived in the State of Washington, and was exposed to asbestos throughout his life, from approximately 1961 to 1980s.

7. Decedent was exposed to asbestos during his work at the Puget Sound Bridge & Dredging Company facility from 1961 to 1962 as a pipefitter helper. Decedent was also exposed to asbestos at the Hanford Nuclear Facility and Longview Paper Mill from the 1970's into the 1980s while working as a technical surveyor and pipefitter for various employers. Decedent was exposed to asbestos through his work throughout the facilities and was further exposed through his work around various other trades, including, but not necessarily limited to, premises workers, maintenance workers, insulators, pipefitters, welders, machinists, boilermakers, electricians, and others who installed and removed asbestos-containing materials.

8. While employed as a pipefitter helper, technical surveyor and pipefitter, Decedent wore his own clothes to work, was exposed to asbestos dust and fibers which caused him to be exposed to said asbestos dust in sufficient amounts as to cause him to develop mesothelioma.



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

9. Plaintiff and Decedent were not aware at the time of exposure that asbestos and/or asbestos-containing products presented any risk of injury and/or disease.

10. Plaintiff is informed and believes, and thereon alleges, that progressive lung disease, mesothelioma and other serious diseases are caused by inhalation of asbestos dust and fibers without perceptible trauma and that said disease results from exposure to asbestos and asbestos-containing products over a period of time.

## II. JURISDICTION, LIABILITY AND RELIEF

11. This Court has jurisdiction over this cause pursuant to RCW 4.12.025 because, at all times relevant herein, Defendants "reside" in King County, Washington by: currently transacting business in King County, and/or by transacting business at the time the cause of action arose in King County, and/or Defendants may be served with process in King County, Washington. E. J. Bartell's Settlement Trust, Fryer-Knowles, Inc., A Washington Corporation, Grigg Enterprises, Inc., Noise Control of Washington, Inc., Puget Sound Pipe and Supply Company, Apollo Sheet Metal, Inc., and Haskell Corporation are Washington Corporations. This Court has specific jurisdiction over all out-of-state defendants because they each purposefully performed acts or consummated transactions in Washington State; Every defendant that has obtained a certificate of authority to transact business in Washington State has thereby agreed that it is amenable to suit in this State and this Court may exercise general consent jurisdiction over such foreign corporations with due process; Plaintiffs' causes of action arises out of and/or relates to defendants' activities and/or transactions in Washington State; and assumption of jurisdiction over such out-of-state defendants by this Court does not offend traditional notions of fair play and substantial justice.

12. This Court has personal jurisdiction over Defendants because Plaintiffs' claims arise from Defendants' conduct in:

(a) Transacting business in this State, including the sale, supply, purchase, and/or use of asbestos and/or asbestos-containing products, within this State;

(b) Contracting to supply services or things in the State;

(c) Commission of a tortious act in whole or in part in this State;



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

(d) Having an interest in, using, or possessing real property in this State;

(e) Entering into a contract to be performed in whole or in part by either party in this State; and/or

(f) Exposing Decedent to asbestos dust, fibers and/or particles generated from the ordinary and foreseeable use of the asbestos-containing products it sold, supplied, distributed, incorporated, and/or otherwise placed in the stream of commerce in the State of Washington.

13. At all times material hereto, Defendants acted through their agents, servants or employees who were acting within the scope of their employment on the business of the Defendants.

14. The Defendants and/or their predecessors-in-interest are corporations, companies or other business entities, with the exception of Metropolitan Life Insurance Company, which, during all times material hereto, and for a long time prior thereto have been, and/or are now engaged, directly, or indirectly, in the mining, manufacturing, producing, selling, merchandising, supplying, distributing and/or otherwise placing in the stream of commerce, asbestos-containing products and/or equipment, and/or equipment solely designed to be used with asbestos-containing products and materials mined, manufactured, produced, sold, merchandised, supplied, distributed, and/or otherwise placed in the stream of commerce by the Defendants at worksite where Decedent worked. Courts of the State of Washington, have personal jurisdiction over all Defendants.

15. Plaintiffs' claims against the Defendants, as defined herein, arise out of Defendants' purposeful efforts to serve directly or indirectly the market for their asbestos and/or asbestos-containing products in this State, either through direct sales or through utilizing an established distribution channel with the expectation that their products would be purchased and/or used within the State of Washington.

16. Plaintiffs hereby disclaim each and every claim or cause of action which does or may arise from any federal enclave. This disclaimer is not related solely to actions taken by or at the direction of a federal officer, but is, rather broader. Plaintiffs are not making any claims and are not alleging any causes of action against any entity for any asbestos exposure of any kind which



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

occurred as a result of Decedent Richard A. Monlux's presence on or at any federal enclave. Plaintiffs further disclaim each and every claim or cause of action arising under the United States Constitution and under any Federal Law or Regulation. Finally, Plaintiffs disclaim each and every claim or cause of action which may be asserted under federal admiralty or maritime law. Courts across the Country have found that such disclaimers are proper and within the province of the Plaintiffs to disclaim. Any removal by any defendant on the basis of the disclaimed claims will result in a motion for sanctions and seeking attorneys' fees.

17. Plaintiffs' claim liability based upon the theories of product liability, including but not limited to negligence, strict product liability (for example, Restatement (Second) of Torts § 402A), concert of action and conspiracy, premises liability, the former RCW 49.16.030, and any other applicable theory of liability, including, if applicable, RCW 7.72 et seq. The liability-creating conduct of defendants consisted, *inter alia*, of negligent and unsafe design; failure to inspect, test, warn, instruct, monitor, and/or recall; failure to substitute safe products; marketing or installing unreasonably dangerous or extra-hazardous and/or defective products; marketing, maintaining, or installing products not reasonably safe as designed; marketing, maintaining, or installing products not reasonably safe as designed; marketing, maintaining, or installing products not reasonably safe for lack of adequate warning and marketing, maintaining, or installing products with misrepresentations of product safety.

18. Each Defendant, or its predecessor-in-interest, that manufactured, sold, and/or distributed asbestos-containing products or raw asbestos materials for use in Washington and other states at times relevant to this action are referred to herein as "Product Defendants." At all times relevant to this action, the Product Defendants and the predecessors of the Product Defendants for whose actions the Product Defendants are legally responsible, were engaged in the manufacture, sale and distribution of asbestos-containing products and raw materials. The Product Defendants identified below are liable for, among other things, the following conduct: negligent and unsafe design; failure to inspect, test, warn, instruct, monitor and/or recall; failure to substitute safe products; marketing products not reasonably safe as manufactured; marketing products not reasonably safe as designed; and marketing products not reasonably safe for lack of adequate warnings.



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 · FACSIMILE (206) 237-8650

19. Each Defendant, or its predecessor-in-interest, that owned and/or controlled the work sites where Decedent Richard A. Monlux experienced occupational exposure as a result of working with and around others working with asbestos and/or asbestos-containing products, materials and/or equipment in his immediate vicinity are referred to herein as "Premises Defendant." The Premise Defendant identified below is liable for, among other things, the following conduct: owed a duty of due care to discover risks and take safety precautions to warn of and eliminate unreasonable risks; failure to warn of or eliminate the unreasonable risks associated with working on or around asbestos-containing materials on Defendant's premises; and the purchase and use of asbestos-containing products on their premises located in the State of Washington.

20. Each Defendant, or its predecessors in interest, that provided labor, materials, goods, and/or services as architects, consultants, engineers, draftsmen, technicians, surveyors, or otherwise in connection with the design and/or repairs at the work sites where Decedent Richard A. Monlux experienced occupational exposure as a result of working with and around others working with asbestos and/or asbestos-containing products, materials, or equipment, are referred to herein as "Design Defendants." The Design Defendants identified below are liable for, among other things, the following conduct: negligent and unsafe design; failure to inspect, test, warn, instruct, monitor and/or recall; failure to substitute safe products; marketing products not reasonably safe as manufactured; marketing products not reasonably safe as designed; and marketing products not reasonably safe for lack of adequate warnings.

21. Certain defendants engaged in concerted, and/or conspiratorial activities or omissions which prevented adequate warnings concerning the hazards of asbestos and asbestos-containing products from being provided to those using or exposed to asbestos and asbestos-containing products. These activities also resulted in the manufacture and distribution of products that were not reasonably safe as designed.

22. These actions or omissions of Defendants, and each of them, proximately caused severe personal injury and other damages to Decedent.

23. Defendant, 3M COMPANY f/k/a Minnesota Mining and Manufacturing Company, was and is a Delaware corporation with its principal place of business in Minnesota, At all times



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

material hereto, 3M COMPANY was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of, mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials equipment, or products fraudulently marketed to prevent asbestos exposure, including but not limited to, 3M masks and other asbestos-containing products. 3M COMPANY is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services in the State of Washington. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against 3M COMPANY arise out of this Defendant's business activities in the State of Washington.

24. Defendant, A.O. SMITH CORPORATION, was and is a Delaware corporation with its principal place of business in Wisconsin. At all times material hereto, A.O. SMITH CORPORATION was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing boilers and heaters. A.O. SMITH CORPORATION is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services in the State of Washington. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against A.O. SMITH CORPORATION arise out of this Defendant's business activities in the State of Washington.

25. Defendant, AECOM ENERGY & CONSTRUCTION, INC., f/k/a URS Energy & Construction, Inc., f/k/a Washington Group International, Inc., f/k/a Morrison Knudsen Corporation;



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

successor-in-interest to United Engineers & Constructors, Inc., Raytheon Engineers & Constructors, Inc., HK Ferguson, Inc., Catalytic, Inc., The Badger Company, Inc. and Stearns-Roger Corp., was and is an Ohio corporation with its principal place of business in Maryland. At all times material hereto, AECOM ENERGY & CONSTRUCTION, INC. was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounded, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including but not limited to, the installation and removal of asbestos-containing materials, including but not limited to, gaskets, packing, insulation and other asbestos materials on piping and equipment at numerous jobsites throughout the Pacific Northwest in the United States. AECOM ENERGY & CONSTRUCTION, INC. is sued as a Product Defendant. AECOM ENERGY & CONSTRUCTION, INC. is also sued for the work it did at various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands of people, including Decedent Richard A. Monlux, to lethal doses of asbestos. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against AECOM ENERGY & CONSTRUCTION, INC. arise out of this Defendant's business activities in the State of Washington.

26. Defendant, AIR & LIQUID SYSTEMS CORPORATION, individually and as successor-in-interest to Buffalo Pumps, Inc., was and is a Pennsylvania corporation with its principal place of business in Pennsylvania. At all times material hereto, AIR & LIQUID SYSTEMS CORPORATION was authorized to do business in the State of Washington while engaged directly or indirectly in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Buffalo Pumps. AIR & LIQUID SYSTEMS



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

CORPORATION is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services in the State of Washington. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against AIR & LIQUID SYSTEMS CORPORATION arise out of this Defendant's business activities in the State of Washington.

27. Defendant, ALTEN TECHNOLOGY USA, INC. as successor-by-merger to ACL Digital f/k/a ACL Technologies, Inc., f/k/a United Industrial Corporation, was and is a Delaware corporation with its principal place of business in Michigan. At all times material hereto, ALTEN TECHNOLOGY USA, INC. was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compound, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to gaskets, packing insulation and other asbestos material on piping and equipment at numerous jobsites throughout the Pacific Northwest in the United States. ALTEN TECHNOLOGY USA, INC. is sued as a Product Defendant. ALTEN TECHNOLOGY USA, INC.is also sued for the work it did at the various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands, including the Decedent Richard A. Monlux, to lethal doses of asbestos. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against ALTEN TECHNOLOGY USA, INC. arise out of this Defendant's business activities in the State of Washington.

28. Defendant, APOLLO SHEET METAL, INC., was and is a Washington corporation with its principal place of business in Washington. At all times material hereto, APOLLO SHEET METAL, INC. was authorized to do business in the State of Washington while engaged, directly or



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including but not limited to the installation and removal of asbestos-containing materials at numerous jobsites throughout the Pacific Northwest in the United States. APOLLO SHEET METAL, INC. is sued as a Product Defendant. APOLLO SHEET METAL, INC. is also sued for the work it did at the various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands, including Decedent Richard A. Monlux, to lethal doses of asbestos. Furthermore, the Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against APOLLO SHEET METAL, INC. arise out of this Defendant's business activities in the State of Washington.

29. Defendant, ARMSTRONG INTERNATIONAL, INC., was and is a Michigan corporation with its principal place of business in Michigan. At all times material hereto, ARMSTRONG INTERNATIONAL, INC. was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Armstrong steam traps. ARMSTRONG INTERNATIONAL, INC. is sued as a Product Defendant. Furthermore, this Defendant. has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against ARMSTRONG INTERNATIONAL, INC. arise out of this Defendant's business activities in the State of Washington.



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

30. Defendant, ATLANTIC RICHFIELD COMPANY was and is a Delaware corporation with its principal place of business in Texas. At all times material hereto, ATLANTIC RICHFIELD COMPANY was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos containing products, materials, or equipment, including, but not limited to, the installation and removal of asbestos-containing materials at numerous jobsites throughout the Pacific Northwest in the United States. ATLANTIC RICHFIELD COMPANY is sued as a Product Defendant. ATLANTIC RICHFIELD COMPANY is also sued for the work it did at the various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands of people, including the Decedent Richard A. Monlux, to lethal doses of asbestos. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against ATLANTIC RICHFIELD COMPANY arise out of this Defendant's business activities in the State of Washington.

31. Defendant, BAE SYSTEMS, INC., individually and as successor-in-interest to Vitro Engineering Corp. was and is a Delaware corporation with its principal place of business in Virginia. At all times material hereto, BAE SYSTEMS, INC. was authorized to do business in the State of Washington while engaged directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment including, but not limited to, the installation and removal of asbestos-containing materials at numerous jobsites throughout the Pacific Northwest in the United States. BAE SYSTEMS, INC. is sued as a Product Defendant. BAE SYSTEMS, INC. is also sued for the work it did at the various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands of people, including Decedent Richard A. Monlux, to lethal doses of asbestos. Furthermore, this


WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against BAE SYSTEMS, INC. arise out of this Defendant's business activities in the State of Washington.

32. Defendant, BECHTEL CORPORATION, was and is a Nevada corporation with its principal place of business in Virginia. At all times material hereto, BECHTEL CORPORATION was authorized to do business in the State of Washington while engaged in the business of designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials equipment, including, but not limited to, the installation and removal of asbestos-containing materials, including but not limited to the design of facilities that included the use of asbestos-containing materials, and the installation and removal of asbestos-containing gaskets, packing, insulation and other asbestos materials on piping and equipment at numerous jobsites throughout the Pacific Northwest United States. BECHTEL CORPORATION is sued as a Product Defendant and Design Defendant. BECHTEL CORPORATION is also sued for the work it did at the various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands of people, including Decedent Richard A. Monlux, to lethal doses of asbestos. Furthermore, BECHTEL CORPORATION has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against BECHTEL CORPORATION arise out of this Defendant's business activities in the State of Washington.

33. Defendant, BW/IP INC., and its wholly-owned subsidiaries, was and is a Delaware corporation with its principal place of business in Texas. At all times material hereto, BW/IP INC. was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding,



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including but not limited to, asbestos-containing Byron Jackson pumps. BW/IP INC. is sued as a Product Defendant. Furthermore, this Defendant. has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against BW/IP INC. arise out of this Defendant's business activities in the State of Washington.

34. Defendant, CLEAVER-BROOKS, INC. f/k/a Aqua-Chem, Inc., d/b/a Cleaver-Brooks Division, was and is a Delaware corporation with its principal place of business in Georgia. At all times material hereto, CLEAVER-BROOKS, INC. was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos- containing Cleaver-Brooks boilers. CLEAVER-BROOKS, INC. is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against CLEAVER-BROOKS, INC. arise out of this Defendant's business activities in the State of Washington.

35. Defendant, CLYDE UNION INC., f/k/a Union Pump Company, was and is a Michigan corporation with its principal place of business in Michigan. At all times material hereto, CLYDE UNION INC. was authorized to do business in the State of Washington while engaged in the business, directly or indirectly, of mining designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Union pumps. CLYDE UNION INC. is sued as



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

a Product Defendant. Furthermore, the Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against CLYDE UNION INC. arise out of this Defendant's business activities in the State of Washington.

36. Defendant, COLUMBUS MCKINNON CORPORATION, successor-in-interest to Yale Crane and Shaw-Box Company, was and is a New York corporation with its principal place of business in New York. At all times material hereto COLUMBUS MCKINNON CORPORATION was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials equipment, including, but not limited to, asbestos-containing Yale Cranes. COLUMBUS MCKINNON CORPORATION is sued as a Product Defendant. Furthermore, the Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against COLUMBUS MCKINNON CORPORATION arise out of this Defendant's business activities in the State of Washington.

37. Defendant, DAYTON ELECTRIC MANUFACTURING CO., was and is an Illinois corporation with its principal place of business in Illinois. At all times material hereto, DAYTON ELECTRIC MANUFACTURING CO. was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials equipment, including, but not limited to, the insulation and removal of asbestos-containing materials at numerous jobsites throughout the Pacific Northwest in the United States. DAYTON



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

ELECTRIC MANUFACTURING CO. is sued as a Product Defendant. DAYTON ELECTRIC MANUFACTURING CO. is also sued for the work it did at various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands of people, including the Decedent Richard A. Monlux, to lethal doses of asbestos. Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against DAYTON ELECTRIC MANUFACTURING CO. arise out of this Defendant's business activities in the State of Washington.

38. Defendant, DCO LLC, individually and as successor-in-interest to Victor Gasket Manufacturing Company, was and is a Virginia limited liability company with its principal place of business in Tennessee. At all times material hereto, DCO LLC was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials equipment, including, but not limited to, asbestos-containing Victor gaskets. DCO LLC is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against DCO LLC arise out of this Defendant's business activities in the State of Washington.

39. Defendant, DEZURIK, INC., was and is a Delaware corporation with its principal place of business in Minnesota. At all times material hereto, DEZURIK, INC. was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

containing products, materials equipment, including, but not limited to, asbestos-containing Vulcan blowers and valves. DEZURIK, INC. is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against DEZURIK, INC. arise out of this Defendant's business activities in the State of Washington.

40. Defendant, ECODYNE CORPORATION, was and is a Delaware corporation with its principal place of business in Illinois. At all times material hereto ECODYNE CORPORATION was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Foster Wheeler cooling towers. ECODYNE CORPORATION is sued as a Product defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against ECODYNE CORPORATION arise out of this Defendant's business activities in the State of Washington.

41. Defendant, E. J. BARTELL'S SETTLEMENT TRUST, was and is a Washington corporation with its principal place of business in Washington. E. J. BARTELL'S SETTLEMENT TRUST is the successor-in-interest to The E.J. Bartell's Company, was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, the installation and removal of asbestos-containing materials, including but not limited to gaskets, packing, insulation and other



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

asbestos materials on piping and equipment at numerous jobsites throughout the Pacific Northwest in the United States. In addition, The E. J. Bartell's Company was an authorized distributor of Johns-Manville asbestos-containing products and A. P. Green asbestos-containing products. E. J. BARTELL'S SETTLEMENT TRUST is sued as a Product Defendant. E.J. BARTELL'S SETTLEMENT TRUST is also sued for the work it did at the various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands of people, including the Decedent Richard A. Monlux, to lethal doses of asbestos. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against E. J. BARTELL'S SETTLEMENT TRUST arise out of this Defendant's business activities in the State of Washington.

42. Defendant, EMERSON ELECTRIC CO., individually and as successor-in-interest to Copeland Corporation, was and is a Missouri corporation with its principal place of business in Missouri. At all times material hereto, EMERSON ELECTRIC CO. was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Keystone valves. EMERSON ELECTRIC CO. is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against EMERSON ELECTRIC CO. arise out of this Defendant's business activities in the State of Washington.



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

43. Defendant, EXXON MOBIL CORPORATION, was and is a New Jersey corporation with its principal place of business in Texas. At all times material hereto, EXXON MOBIL CORPORATION was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials equipment, including, but not limited to, the installation and removal of asbestos-containing materials, including but not limited to gaskets, packing, insulation and other asbestos materials on piping and equipment at numerous jobsites throughout the Pacific Northwest in the United States. EXXON MOBIL CORPORATION is sued as a Product Defendant. EXXON MOBIL is also sued for the work it did at various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands of people, including the Decedent Richard A. Monlux, to lethal doses of asbestos. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against EXXON MOBIL CORPORATION arise out of this Defendant's business activities in the State of Washington.

44. Defendant, FISHER CONTROLS INTERNATIONAL LLC, was and is a Delaware limited liability company with its principal place of business in Iowa. At all times material hereto, FISHER CONTROLS INTERNATIONAL LLC was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Fisher valves. FISHER CONTROLS INTERNATIONAL LLC is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against FISHER CONTROLS INTERNATIONAL LLC arise out of this Defendant's business activities in the State of Washington

45. Defendant, FLOWSERVE CORPORATION, f/k/a The Durion Company Inc., was and is a New York corporation with its principal place of business in Texas. At all times material hereto, FLOWSERVE CORPORATION was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Durco pumps & valves. FLOWSERVE CORPORATION is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against FLOWSERVE CORPORATION arise out of this Defendant's business activities in the State of Washington.

46. Defendant, FLOWSERVE US INC., individually and as successor-in-interest to Edward Valves, Inc., Lawrence Pumps, Inc. and Rockwell Manufacturing Company, was and is a Delaware corporation with its principal place of business in Texas. At all times material hereto, FLOWSERVE US INC. was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Edward valves, Lawrence pumps and Rockwell valves. FLOWSERVE US INC. is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against FLOWSERVE US INC. arise out of this Defendant's business activities in the State of Washington.

47. Defendant, FMC CORPORATION, on behalf of its former Peerless Pump, Chicago Pump and Northern Pump businesses, was and is a Delaware corporation with its principal place of business in Pennsylvania. At all times material hereto, FMC CORPORATION was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of, mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Northern pumps and Peerless pumps. FMC CORPORATION is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against FMC CORPORATION arise out of this Defendant's business activities in the State of Washington.

48. Defendant, FOSTER WHEELER ENERGY CORPORATION, was and is a Delaware corporation with its principal place of business in New Jersey. At all times material hereto, FOSTER WHEELER ENERGY CORPORATION was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, Foster Wheeler boilers and cooling towers. Further, this Defendant was engaged in the installation and removal of asbestos-containing materials, including but not limited to gaskets, packing, insulation and other asbestos materials on its boilers, digesters, and other pieces of equipment at numerous jobsites throughout the Pacific



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

Northwest in the United States. FOSTER WHEELER ENERGY CORPORATION is sued as a Product Defendant. FOSTER WHEELER ENERGY CORPORATION is also sued for the work it did at various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands of people, including the Decedent Richard A. Monlux, to lethal doses of asbestos. Furthermore, FOSTER WHEELER ENERGY CORPORATION has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against FOSTER WHEELER ENERGY CORPORATION arise out of this Defendant's business activities in the State of Washington.

49. Defendant, FRYER-KNOWLES, INC., A WASHINGTON CORPORATION, was and is a Washington corporation with its principal place of business in Washington. At all times material hereto, FRYER-KNOWLES, INC., A WASHINGTON CORPORATION was engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials equipment, including, but not limited to, the installation and removal of asbestos-containing materials at jobsites throughout the Pacific Northwest in the United States. FRYER-KNOWLES, INC., A WASHINGTON CORPORATION is sued as a Product Defendant. FRYER-KNOWLES, INC, A WASHINGTON CORPORATION is also sued for the work it did at various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands of people, including the Decedent Richard A. Monlux, to lethal doses of asbestos. Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against FRYER-KNOWLES, INC., A WASHINGTON CORPORATION arise out of this Defendant's business activities in the State of Washington.



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

50. Defendant, GARDNER DENVER NASH, LLC, individually and as successor-in-interest to The Nash Engineering Company, was and is a Delaware limited liability company with its principal place of business in Pennsylvania At all times material hereto, GARDNER DENVER NASH, LLC was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of, mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, Nash pumps. GARDNER DENVER NASH, LLC is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against GARDNER DENVER NASH, LLC arise out of this Defendant's business activities in the State of Washington.

51. Defendant, GENERAL ELECTRIC COMPANY, was and is a New York corporation with its principal place of business in Massachusetts At all times material hereto, GENERAL ELECTRIC COMPANY was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing General Electric generators and turbines. GENERAL ELECTRIC COMPANY is sued as a Product Defendant. GENERAL ELECTRIC COMPANY is also sued for the work it did at various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands of people, including the Decedent Richard A. Monlux, to lethal doses of asbestos. Further, GENERAL ELECTRICAL COMPANY was engaged in the installation and removal of asbestos-containing materials, including but not limited to insulation, gaskets and packing on its generators, turbines, and other pieces of equipment at numerous jobsites throughout the Pacific Northwest. Furthermore, this Defendant has done and



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against GENERAL ELECTRIC COMPANY arise out of this Defendant's business activities in the State of Washington.

52. Defendant, GOULDS PUMPS, INCORPORATED, was and is a Delaware corporation with its principal place of business in Connecticut. At all times material hereto, GOULDS PUMPS, INCORPORATED was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Goulds pumps. GOULDS PUMPS, INCORPORATED is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against GOULDS PUMPS, INCORPORATED arise out of this Defendant's business activities in the State of Washington.

53. Defendant, GOULDS PUMPS LLC, f/k/a Goulds Pumps Inc., was and is a Delaware limited liability company with its principal place of business in Connecticut. At all times material hereto, GOULDS PUMPS LLC was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantia amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Goulds pumps. GOULDS PUMPS LLC is sued as a Product Defendant. Furthermore, this Defendant Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions,



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against GOULDS PUMP LLC arise out of this Defendant's business activities in the State of Washington.

54. Defendant, GRIGG ENTERPRISES, INC., was and is a Washington corporation with its principal place of business in Washington. At all times material hereto, GRIGG ENTERPRISES, INC. was engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials equipment, including, but not limited to, the installation and removal of asbestos-containing materials at jobsites throughout the Pacific Northwest in the United States. GRIGG ENTERPRISES, INC.is sued as a Product Defendant. GRIGG ENTERPRISES, INC. is also sued for the work it did at various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands of people, including the Decedent Richard A. Monlux, to lethal doses of asbestos. Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against GRIGG ENTERPRISES, INC. arise out of this Defendant's business activities in the State of Washington..

55. Defendant, GRINNELL LLC d/b/a Grinnell Corporation, was and is a Delaware limited liability company with its principal place of business in Florida. At all times material hereto, GRINNELL LLC was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Grinnell boilers, heaters and valves. GRINNELL LLC is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against GRINNELL LLC arise out of this Defendant's business activities in the State of Washington.

56. Defendant, GTE OPERATIONS SUPPORT INCORPORATED was and is a Delaware corporation with its principal place of business in Pennsylvania. At all times material hereto, GTE OPERATIONS SUPPORT INCORPORATED was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, the installation and removal of asbestos-containing materials, at numerous jobsites throughout the Pacific Northwest in the United States. GTE OPERATIONS SUPPORT INCORPORATED is sued as a Product Defendant. GTE OPERATIONS SUPPORT INCORORATED is also sued for the work it did at the various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands or people, including the Decedent Richard A. Monlux, to lethal doses of asbestos. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against GTE OPERATIONS SUPPORT INCORPORATED arise out of this Defendant's business activities in the State of Washington.

57. Defendant, HASKELL CORPORATION, was and is a Washington corporation with its principal place of business in Washington. At all times material hereto, HASKELL CORPORATION was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment,



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

including, but not limited to, the installation and removal of asbestos-containing materials, including but not limited to pipe, insulation and other asbestos materials at numerous jobsites through the Pacific Northwest. HASKELL CORPORATION is sued as a Product Defendant. HASKELL CORPORATION is also sued for the work it did at the various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands or people, including the Decedent Richard A. Monlux, to lethal doses of asbestos. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against HASKELL CORPORATION arise out of this Defendant's business activities in the State of Washington.

58. Defendant, HENRY PRATT COMPANY, LLC, a subsidiary of Mueller Co. LLC, d/b/a Henry Pratt Company, was and is a Delaware limited liability company with its principal place of business in Illinois. At all times material hereto, HENRY PRATT COMPANY, LLC was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Henry Pratt steam valves and Pratt valves. HENRY PRATT COMPANY, LLC is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against HENRY PRATT COMPANY, LLC arise out of this Defendant's business activities in the State of Washington.

59. Defendant, HOLLINGSWORTH & VOSE COMPANY, was and is a Massachusetts corporation with its principal place of business in Massachusetts. At all ties material hereto, HOLLINGSWORTH & VOSE COMPANY was authorized to do business in the State of



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, including, but not limited to, asbestos-containing Victor gasket paper. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against HOLLINGSWORTH & VOSE COMPANY, LLC arise out of this Defendant's business activities in the State of Washington.

60. Defendant, IMO INDUSTRIES, INC., was and is a Delaware corporation with its principal place of business in New Jersey At all times material hereto, IMO INDUSTRIES, INC. was authorized to do business in the State of Washington while engaged , directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing DeLaval pumps and turbines. IMO INDUSTRIES, INC. is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against IMO INDUSTRIES, INC. arise out of this Defendant's business activities in the State of Washington.

61. Defendant, ITT LLC, f/k/a ITT CORPORATION, ITT Industries Inc., ITT Fluid Products Corp., Hoffman Specialty Mfg., Corp., Bell and Gossett Company, ITT Marlow, and Kennedy Valve Company, was and is an Indiana limited liability company with its principal place of business in Connecticut. At all times material hereto, ITT LLC was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining,



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Bell & Gossett pumps and valves and Kennedy waterworks system valves and hydrants. ITT LLC is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against ITT LLC arise out of this Defendant's business activities in the State of Washington.

62. Defendant, J-U-B ENGINEERS, INC., was and is an Idaho corporation with its principal place of business in Idaho. At all times material hereto, J-U-B ENGINEERS, INC. was authorized to do business in the State of Washington while engaged in the business of designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials equipment, including, but not limited to, the installation and removal of asbestos-containing materials, including but not limited to the design of facilities that included the use of asbestos-containing materials, and the installation and removal of asbestos-containing materials on piping and equipment at numerous jobsites throughout the Pacific Northwest United States. J-U-B ENGINEERS, INC. is sued as a Product Defendant and Design Defendant. J-U-B ENGINEERS, INC. is also sued for the work it did at the various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands of people, including Decedent Richard A. Monlux, to lethal doses of asbestos. Furthermore, J-U-B ENGINEERS, INC. has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against J-U-B ENGINEERS, INC. arise out of this Defendant's business activities in the State of Washington.



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

63. Defendant, THE J.R. CLARKSON COMPANY LLC, individually and as successor-in-interest Kunkle Valve Company, was and is a Nevada limited liability company with its principal place of business in Missouri At all times material hereto THE J.R. CLARKSON COMPANY LLC was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Kunkle valves. THE J.R. CLARKSON COMPANY LLC is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against THE J.R. CLARKSON COMPANY LLC arise out of this Defendant's business activities in the State of Washington.

64. Defendant, KIEWIT CORPORATION, was and is a Delaware corporation with its principal place of business in Nebraska At all times material hereto, KIEWIT CORPORATION was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, the installation and removal of asbestos-containing materials, including but not limited to gaskets, packing insulation and other asbestos materials on piping and equipment at numerous jobsites throughout the Pacific Northwest in the United States. KIEWIT CORPORATION is sued as a Product Defendant. KIEWIT CORPORATION is also sued for the work it did at the various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands or people, including the Decedent Richard A. Monlux, to lethal doses of asbestos. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against KIEWIT CORPORATION arise out of this Defendant's business activities in the State of Washington.

65. Defendant, KINGSBURY, INC., was and is a Delaware corporation with its principal place of business in Pennsylvania. At all times material hereto, KINGSBURY, INC. was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing turbines, pumps and compressors. KINGSBURY, INC. is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against KINGSBURY, INC. arise out of this Defendant's business activities in the State of Washington.

66. Defendant LAMONS GASKET CO., INC., was and is a Texas corporation with its principal place of business in Texas At all times material hereto, LAMONS GASKET CO., INC. was authorized to business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Lamons gaskets. LAMONS GASKET CO., INC. is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

Washington. Plaintiffs' claims against LAMONS GASKET CO., INC. arise out of this Defendant's business activities in the State of Washington.

67. Defendant, MCNALLY INDUSTRIES, LLC, individually and as successor-in-interest to Northern Fire Apparatus, was and is a Wisconsin limited liability company with its principal place of business in New York. At all times material hereto, MCNALLY INDUSTRIES, LLC was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amount of asbestos and/or asbestos-containing products, including, but not limited to, asbestos-containing Northern pumps. MCNALLY INDUSTRIES, LLC is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against MCNALLY INDUSTIRES, LLC arise out of this Defendant's business activities in the State of Washington.

68. Defendant, METALCLAD INSULATION LLC, individually and as successor-by-merger to METALCLAD INSULATION CORPORATION successor-in-interest to METALCLAD INSULATION COMPANY, INC., was and is a Delaware limited liability company with its principal place of business in California. At all times material hereto, METALCLAD INSULATION LLC was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials equipment, including, but not limited to, the installation and removal of asbestos-containing materials, including but not limited to insulation and other asbestos materials on piping and equipment at numerous jobsites throughout the Pacific Northwest in the United States. METALCLAD INSULATION LLC is sued as a Product Defendant. METALCLAD INUSLATION LLC is also sued for the work it did at the various



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

industrial sites in the Pacific Northwest in the United States which exposed tens of thousands or people, including the Decedent Richard A. Monlux, to lethal doses of asbestos. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against METALCLAD INSULATION LLC arise out of this Defendant's business activities in the State of Washington.

69. Defendant, METROPOLITAN LIFE INSURANCE COMPANY, a wholly-owned subsidiary of METLIFE INC., was and is a New York corporation with its principal place of business in New York, and was authorized to do business in the State of Washington. METROPOLITAN LIFE INSURANCE COMPANY has done and does business in the State of Washington. METROPOLITAN LIFE INSURANCE COMPANY is named as a conspiracy defendant.

70. Defendant, MILTON ROY, LLC, f/k/a Milton Roy Company, was and is a Pennsylvania limited liability company with its principal place of business in Pennsylvania. At all times material hereto, MILTON ROY, LLC was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Republic flow meters and combustion controls. MILTON ROY, LLC is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against MILTON ROY, LLC arise out of this Defendant's business activities in the State of Washington.



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

71. Defendant, MORRISON CONSTRUCTION COMPANY, INC., was and is an Indiana corporation with its principal place of business in Indiana. At all times material hereto, MORRISON CONSTRUCTION COMPANY, INC. was authorized to do business in the State of Washington while engaged directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, the installation and removal of asbestos-containing materials, including but not limited to gaskets, packing, insulation and other asbestos materials on piping and equipment at numerous jobsites in the Pacific Northwest. MORRISON CONSTRUCTION COMPANY, INC. is sued as a Product Defendant. MORRISON CONSTRUCTION COMPANY, INC. is also sued for the work it did at the various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands or people, including the Decedent Richard A. Monlux, to lethal doses of asbestos. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against MORRISON CONSTRUCTION COMPANY, INC. arise out of this Defendant's business activities in the State of Washington.

72. Defendant, NOISE CONTROL OF WASHINGTON, INC., was and is a Washington corporation with its principal place of business in Washington, At all times material hereto, NOISE CONTROL OF WASHINGTON, INC. was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Noise Control Equipment. NOISE CONTROL OF WASHINGTON, INC. is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against NOISE CONTROL OF WASHINGTON, INC. arise out of this Defendant's business activities in the State of Washington.

73. Defendant, PARAMOUNT GLOBAL, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom, Inc. successor-by-merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation, was and is a Delaware corporation with its principal place of business in New York At all times material hereto, PARAMOUNT GLOBAL was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Westinghouse blowers, turbines, ship service generators, and emergency generators. PARAMOUNT GLOBAL is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against PARAMOUNT GLOBAL arise out of this Defendant's business activities in the State of Washington.

74. Defendant, PUGET SOUND PIPE AND SUPPLY COMPANY, was and is a Washington corporation with its principal place of business in Washington. At all times material hereto, PUGET SOUND PIPE AND SUPPLY COMPANY was authorized to do business in the State of Washington while engaged directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, the installation and removal of



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

asbestos-containing pipes and valves and other asbestos materials on piping and equipment at numerous jobsites in the Pacific Northwest. PUGET SOUND PIPE AND SUPPLY COMPANY is sued as a Product Defendant. PUGET SOUND PIPE AND SUPPLY COMPANY is also sued for the work it did at the various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands or people, including the Decedent Richard A. Monlux, to lethal doses of asbestos. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against PUGET SOUND PIPE AND SUPPLY COMPANY arise out of this Defendant's business activities in the State of Washington.

75. Defendant, REDCO CORPORATION, f/k/a CRANE CO., was and is a Delaware corporation with its principal place of business in Connecticut. At all times material hereto, REDCO CORPORATION was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Crane feed tanks, pumps and valves and Chapman valves. REDCO CORPORATION is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against REDCO CORPORATION arise out of this Defendant's business activities in the State of Washington.

76. Defendant, RILEY POWER INC., f/k/a BABCOCK BORSIG POWER INC., f/k/a DB RILEY, INC., f/k/a RILEY STOKER CORPORATION, was and is a Massachusetts corporation with its principal place of business in Massachusetts. At all times material hereto,



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

RILEY POWER INC. was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Riley Stoker boilers. RILEY POWER INC. is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against RILEY POWER INC. arise out of this Defendant's business activities in the State of Washington.

77. Defendant, SEQUOIA VENTURES, INC., f/k/a Bechtel Corporation, was and is a Delaware corporation with its principal place of business in Virginia. At all times material hereto, SEQUOIA VENTURES, INC. was authorized to do business in the State of Washington while engaged in the business of designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials equipment, including, but not limited to, the installation and removal of asbestos-containing materials, including but not limited to the design of facilities that included the use of asbestos-containing materials, and the installation and removal of asbestos-containing gaskets, packing, insulation and other asbestos materials on piping and equipment at numerous jobsites throughout the Pacific Northwest United States. SEQUOIA VENTURES, INC. is sued as a Product Defendant and Design Defendant. SEQUOIA VENTURES, INC. is also sued for the work it did at the various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands of people, including Decedent Richard A. Monlux, to lethal doses of asbestos. Furthermore, SEQUOIA VENTURES, INC. has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against SEQUOIA VENTURES, INC. arise out of this Defendant's business activities in the State of Washington.

78. Defendant, SIEMENS CORPORATION as successor-in-interest to USFILTER Corporation f/k/a USFILTER Process Water Systems, Inc., was and is a Delaware corporation with its principal place of business in the District of Columbia. At all times material hereto SIEMENS CORPORATION was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, the installation and removal of asbestos-containing materials on piping and equipment at numerous jobsites throughout the Pacific Northwest in the United States. SIEMENS CORPORATION is sued as a Product Defendant. SIEMENS CORPORATION is also sued for the work it did at the various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands of people, including the Decedent Richard A. Monlux, to lethal doses of asbestos. Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against SIEMENS CORPORATION arise out of this Defendant's business activities in the State of Washington.

79. Defendant, SPIRAX SARCO, INC., was and is a Delaware corporation with its principal place of business in South Carolina. At all times material hereto, SPIRAX SARCO, INC. was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing steam traps and valves. SPIRAX SARCO, INC. is sued as a



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against SPIRAX SARCO, INC. arise out of this Defendant's business activities in the State of Washington.

80. Defendant, STERLING FLUID SYSTEMS (USA) LLC, was and is a Delaware limited liability company with its principal place of business in Illinois. At all times material hereto, STERLING FLUID SYSTEMS (USA) LLC was authorized to do business in the State of Washington while engaged, directly or indirectly, in business mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing product, including, but not limited to, asbestos-containing Peerless pumps. STERLING FLUID SYSTEMS (USA) LLC is sued as aa Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against STERLING FLUID SYSTEMS (USA) LLC arise out of this Defendant's business activities in the State of Washington.

81. Defendant, TURNER CONSTRUCTION COMPANY, was and is a New York corporation with its principal place of business in New York. At all times material hereto, TURNER CONSTRUCTION COMPANY was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, the installation and removal of asbestos-containing materials on piping and equipment at numerous jobsites throughout the Pacific Northwest. TURNER CONSTRUCTION COMPANY is sued as a Product Defendant. TURNER



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

CONSTRUCTION COMPANY is also sued for the work it did at the various industrial sites in the Pacific Northwest in the United States which exposed tens of thousands or people, including the Decedent Richard A. Monlux, to lethal doses of asbestos. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against TURNER CONSTRUCTION COMPANY arise out of this Defendant's business activities in the State of Washington.

82. Defendant, UNION CARBIDE CORPORATION, was and is a New York corporation with its principal place of business in Texas. At all times material hereto, UNION CARBIDE CORPORATION was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing fibers. UNION CARBIDE CORPORATION is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against UNION CARBIDE CORPORATION arise out of this Defendant's business activities in the State of Washington.

83. Defendant, VALVES AND CONTROLS US, INC., f/k/a Weir Valves & Controls USA Inc., d/b/a Atwood & Morrill Co., Inc. was and is a Texas corporation with its principal place of business in Oregon. At all times material hereto, VALVES AND CONTROLS US, INC. was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 · FACSIMILE (206) 237-8650

and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Atwood valves and Morrill Valves. VALVES AND CONTROLS US, INC. is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against, VALVES AND CONTROLS US, INC. arise out of this Defendant's business activities in the State of Washington.

84. Defendant, VELAN VALVE CORP., was and is a Delaware corporation with its principal place of business in Vermont. At all times material hereto, VELAN VALVE CORP. was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Velan valves and steam traps. VELAN VALVE CORP. is sued as a Product Defendant. Furthermore, this Defendant. has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against VELAN VALVE CORP. arise out of this Defendant's business activities in the State of Washington.

85. Defendant, VIKING PUMP, INC., was and is a Delaware corporation with its principal place of business in Iowa. At all times material hereto, VIKING PUMP, INC. was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Viking pumps. VIKING PUMP, INC. is sued as a Product Defendant.



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against VIKING PUMP, INC. arise out of this Defendant's business activities in the State of Washington.

86. Defendant, WARREN PUMPS LLC, was and is a Delaware limited liability company with its principal place of business in Massachusetts. At all times material hereto, WARREN PUMPS LLC was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Warren pumps. WARREN PUMPS LLC is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against WARREN PUMPS LLC arise out of this Defendant's business activities in the State of Washington.

87. Defendant, WESTROCK COMPANY, individually and as successor-by-merger to KapStone Paper & Packaging, f/k/a Longview Fiber Paper Mill, was and is a Delaware corporation with its principal place of business in Georgia. At all times material hereto, WESTROCK COMPANY owned and/or controlled premises at which Decedent Richard A. Monlux was exposed to asbestos-containing products, equipment, and asbestos dust from said products at various facilities, including but not limited to, the Longview Fiber paper mill facility in Longview, WA. WESTROCK COMPANY is sued as a Premises Defendant.

88. Defendant, YORK INTERNATIONAL CORPORATION, was and is a Delaware corporation with its principal place of business in Wisconsin. At all times material hereto, YORK



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

INTERNATIONAL CORPORATION was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing York compressors. YORK INTERNATIONAL CORPORATION is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against YORK INTERNATIONAL CORPORATION arise out of this Defendant's business activities in the State of Washington.

89. Defendant, YUBA HEAT TRANSFER LLC, was and is a Delaware limited liability company with its principal place of business in Oklahoma. At all times material hereto, YUBA HEAT TRANSFER LLC was authorized to do business in the State of Washington while engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Yuba water pre-heaters. YUBA HEAT TRANSFER LLC is sued as a Product Defendant. Furthermore, this Defendant has done and does substantial business in the State of Washington, including the sale and distribution of its dangerous and/or defective products and services. The exposures to this Defendant's products, actions, inactions, and/or other activities, which caused or contributed to cause Decedent's disease and injury, occurred in the State of Washington. Plaintiffs' claims against YUBA HEAT TRANSFER LLC arise out of this Defendant's business activities in the State of Washington.

90. Decedent Richard A. Monlux experienced further occupational exposure as a result of working with asbestos and/or asbestos-containing products, materials and/or equipment in their immediate vicinity at his work site, the premises of Defendant WESTROCK COMPANY,



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

individually and as successor-by-merger to KapStone Paper & Packaging Corporation, f/k/a Longview Fiber Paper Mill. All other Defendants (except for METROPOLITAN LIFE INSURANCE COMPANY), or their applicable predecessors in interest, were engaged in the manufacture, sale, distribution and/or installation or removal of asbestos-containing products or raw asbestos materials for use in Washington and other states at times relevant to this action. At all times relevant to this action, the Defendants and the predecessors of the Defendants, for whose actions the Defendants are legally responsible, were engaged in the manufacture, sale, distribution, and/or installation or removal of asbestos-containing products and raw materials for use in Washington and other states at times relevant to this action.

## III. DAMAGES

91. As a proximate result of the Defendants' tortious conduct, negligence, product liability and/or other basis of liability, Decedent Richard A. Monlux suffered the following damages which survive his death: medical expenses; economic losses, disease, disability, and death; pain and suffering, both physical and emotional; and loss of ability to enjoy a normal life.

92. Plaintiff Elaine Monlux has suffered damages for loss of spousal relationship as a result of Richard A. Monlux's illness and death, including loss of emotional support, love, affection, care, companionship, services, assistance, and consortium.

93. The statutory beneficiaries of a wrongful death claim, namely Plaintiff and those provided by law, which are decedent's surviving child, Richard A. Monlux, suffered damages on account of the death of the decedent for the loss of monetary contribution decedent would have made to him; for funeral expense; and for the loss of love, care, affection, services, companionship, guidance and society of decedent, as well as economic loss. Claims for loss of consortium on behalf of the spouse and child are specifically included within damages claimed.

WHEREFORE, Plaintiff prays for judgment against the Defendants and each of them as follows:

A. For general and special damages specified above, including pain, suffering, loss of consortium and parental-child relationship, and disability;



WEINSTEIN CAGGIANO PLLC
600 UNIVERSITY STREET, SUITE 1620
SEATTLE, WASHINGTON 98101
(206) 508-7070 - FACSIMILE (206) 237-8650

B. For past and future medical and related expenses, and economic loss, all of which will be proven at the time of trial;

C. For past and future loss of care, maintenance, services, support, advice, counsel, and consortium which Plaintiff Elaine M. Monlux would have received from Decedent Richard A. Monlux before his illness, disability and death caused by his exposure to asbestos;

D. For compensatory damages, in an amount to be determined at trial;

E. For punitive damages, if applicable;

F. For Plaintiff's costs and disbursements herein;

G. For pre and post judgment interest in the amount to be proven at trial;

H. For all wrongful death and survival damages recoverable by Washington Law, including all damages provided for in RCW 4.20.010, 4.20.046 and 4.20.060; and

I. For such other and further relief as the Court deems just and proper.

DATED this 29th day November, 2023.

WEINSTEIN CAGGIANO PLLC

Brian D. Weinstein, WSBA No. 24497
Alexandra B. Caggiano, WSBA No. 47862
Dylan Johnson, WSBA No. 54147
600 University Street, Suite 1620
Seattle, Washington 98101
T: (206) 508-7070
F: (206) 237-8650
Email: service@weinsteincaggiano.com

And

DEAN OMAR BRANHAM SHIRLEY, LLP
Jessica M. Dean, CASB No. 260598
(*To Be Admitted Pro Hac Vice*)
Tyson B. Gamble, WSBA No. 44892
302 N. Market Street, Suite 300
Dallas, Texas 75202
T: (214) 722-5990
F: (214) 722-5991
Email: jdean@dobslegal.com
Email: tgamble@dobslegal.com

Counsel for Plaintiff

# EXHIBIT A

2023-11-15

Page 1 of 1

CERTIFIED COPY

FILED
2023 NOV 15
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 23-4-07767-6 SEA

I CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle. Catherine Cornwall
By Deputy Clerk: A. Gallardo

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

| | |
|---|---|
| IN RE RICHARD ALFRED MONLUX<br><br>DECEASED | NO: 23-4-07767-6 SEA<br><br>LETTERS TESTAMENTARY (LTRTS) |

The last will of the above named decedent was duly exhibited, proven and filed on November 9, 2023. It appears in and by said will that **ELAINE MONLUX** is/are named Executor(s) and by order of this court is/are authorized to execute said will according to law.

WITNESS my hand and seal of said Court: November 15, 2023.

Catherine Cornwall
King County Superior Court Clerk

By: ______________, Deputy Clerk
A.Gallardo

**• NOT OFFICIAL WITHOUT SEAL •**

EXP07

FILED
KING COUNTY, WASHINGTON
NOV 09 2023
SUPERIOR COURT CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| In re the Estate of: **RICHARD ALFRED MONLUX,** Deceased. | NO. 23-4-07767-6 SEA<br>ORDER ADMITTING WILL TO PROBATE, CONFIRMING EXECUTOR/ PERSONAL REPRESENTATIVE, ISSUING LETTERS TESTAMENTARY AND GRANTING NONINTERVENTION POWERS |

A Petition requesting an Order (1) admitting to probate a document filed herein purporting to be the Last Will and Testament of RICHARD ALFRED MONLUX; (2) confirming the person named therein as Executor/Personal Representative; (3) issuing Letters Testamentary; and (4) granting nonintervention powers has been presented on behalf of Petitioner, ELAINE MONLUX, by her attorneys, STORLI LAW, PLLC. The Petition sets forth facts essential to give this Court jurisdiction and to confirm the Executor/Personal Representative; further, the Court finds that the estate is solvent and that the Personal Representative is entitled to settle the estate without intervention pursuant to RCW 11.68.011.



STORLI LAW, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101-2393
Phone: (206) 892-2139
Fax: (206) 464-0461

**COURT'S CERTIFICATE**

The Affidavit on file in support of the document purported to be the Will of the above-named Decedent, executed concurrently with and attached thereto was accepted as proof of the Will pursuant to authority of RCW 11.20.020.

THEREFORE, IT IS ORDERED:

1. The offered Will is the Will of RICHARD ALFRED MONLUX, deceased, and it is admitted to probate;

2. ELAINE MONLUX is confirmed as Personal Representative of the Estate of Richard Alfred Monlux, to serve without bond;

3. Letters Testamentary shall issue to ELAINE MONLUX upon filing an oath in accordance with RCW 11.28.170; and

4. Personal Representative is granted nonintervention powers and is entitled to manage and settle the Estate of Richard Alfred Monlux without further supervision or intervention of the Court.

Signed **~~DONE IN OPEN COURT~~** on 9 NOV, 2023.

JUDGE/COURT COMMISSIONER
Adrienne McCoy

Presented by:

**STORLI LAW, PLLC**

By */s/Carolann Storli*
Carolann O'Brien Storli, WSBA #14542
Attorneys for Petitioner



STORLI LAW, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101-2393
Phone: (206) 892-2139
Fax: (206) 464-0461

# EXHIBIT B

# STATE OF WASHINGTON DEPARTMENT OF HEALTH

## CERTIFICATE OF DEATH

CERTIFICATE NUMBER: 2023-038611

DATE ISSUED: 08/11/2023
FEE NUMBER: 0201-117

FIRST AND MIDDLE NAME(S): RICHARD ALFRED
LAST NAME(S): MONLUX

COUNTY OF DEATH: FRANKLIN
DATE OF DEATH: AUGUST 07, 2023
HOUR OF DEATH: 07:01 PM
SEX: MALE AGE: 81 YEARS
SOCIAL SECURITY NUMBER: [redacted]

HISPANIC ORIGIN: NO, NOT SPANISH/HISPANIC/LATINO
RACE: WHITE

BIRTH DATE: [redacted]
BIRTHPLACE: SIOUX CITY, IA

MARITAL STATUS: MARRIED
SURVIVING SPOUSE: ELAINE M VANWAGONER

OCCUPATION: PIPEFITTER
INDUSTRY: CONSTRUCTION
EDUCATION: SOME COLLEGE CREDIT, BUT NO DEGREE
US ARMED FORCES: NO

INFORMANT: ELAINE M MONLUX
RELATIONSHIP: WIFE
ADDRESS: [redacted], PASCO, WA 99301

CAUSE OF DEATH:
A: MESOTHELIOMA
INTERVAL: YEARS
B:
INTERVAL:
C:
INTERVAL:
D:
INTERVAL:

OTHER CONDITIONS CONTRIBUTING TO DEATH: DIABETES MELLITUS 2

DATE OF INJURY:
HOUR OF INJURY:
INJURY AT WORK:
PLACE OF INJURY:

LOCATION OF INJURY:

CITY, STATE, ZIP:
COUNTY:
DESCRIBE HOW INJURY OCCURRED:

IF TRANSPORTATION INJURY, SPECIFY: NOT APPLICABLE

PLACE OF DEATH: DECEDENT'S HOME
FACILITY OR ADDRESS: [redacted]
CITY, STATE, ZIP: PASCO, WASHINGTON 99301

RESIDENCE STREET: 8801 ST. THOMAS DRIVE #82
CITY, STATE, ZIP: PASCO, WA 99301
INSIDE CITY LIMITS: YES COUNTY: FRANKLIN
TRIBAL RESERVATION: NOT APPLICABLE
LENGTH OF TIME AT RESIDENCE: 1 MONTH

FATHER: DUANE MONLUX
MOTHER: LETA EDWARDS

METHOD OF DISPOSITION: CREMATION
PLACE OF DISPOSITION: DESERT LAWN CREMATORY

CITY, STATE: KENNEWICK, WASHINGTON
DISPOSITION DATE: AUGUST 10, 2023

FUNERAL FACILITY: LIFE TRIBUTES CREMATION CENTER

ADDRESS: 314 W FIRST AVE
CITY, STATE, ZIP: KENNEWICK, WASHINGTON 99336
FUNERAL DIRECTOR: JAMES H DERTING

MANNER OF DEATH: NATURAL
AUTOPSY: NO
WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE CAUSE OF DEATH: NOT APPLICABLE
DID TOBACCO USE CONTRIBUTE TO DEATH: NO
PREGNANCY STATUS IF FEMALE: NO RESPONSE

CERTIFIER NAME: JOSHUA ANDERSON, ARNP
TITLE: ARNP
CERTIFIER ADDRESS: 2108 W. ENTIAT AVENUE
CITY, STATE, ZIP: KENNEWICK, WASHINGTON 99336
DATE SIGNED: AUGUST 08, 2023

CASE REFERRED TO ME/CORONER: YES
FILE NUMBER: NOT APPLICABLE
ATTENDING PHYSICIAN: NOT APPLICABLE

LOCAL DEPUTY REGISTRAR: SUSANA MARTINEZ
DATE RECEIVED: AUGUST 10, 2023

DOH 422-132 (8/18)

NOT VALID IF PHOTOCOPIED OR ALTERED