1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

12

13

14

15

| | |
|---|---|
| ELAINE M. MONLUX,<br><br>                 Plaintiff,<br>     v.<br><br>3M COMPANY et al.,<br><br>                 Defendant. | CASE NO. 2:24-cv-00912-LK<br><br>ORDER DIRECTING<br>COMPLIANCE WITH FEDERAL<br>RULE OF CIVIL PROCEDURE 7.1<br>AND LOCAL CIVIL RULE 7.1 |

16

17

18

19

20

21

22

23

24

This matter comes before the Court sua sponte. On June 24, 2024, Defendant Foster Wheeler Energy Corporation removed this action to federal district court pursuant to 28 U.S.C. § 1442(a)(1). *See* Dkt. No. 1 at 8–13. Under Federal Rule of Civil Procedure 7.1(a)(1), any nongovernmental corporate party must file a statement that either (A) "identifies any parent corporation and any publicly held corporation owning 10% or more of its stock" or (B) "states that there is no such corporation." This district's Local Civil Rules require more. A nongovernmental party "other than an individual or sole proprietorship" must file a corporate disclosure statement that does one of the following:

ORDER DIRECTING COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 7.1 AND LOCAL CIVIL RULE 7.1 - 1

(1) Identify any parent corporation and any publicly held corporation owning more than 10% of its stock;

any member or owner in a joint venture or limited liability corporation (LLC);

all partners in a partnership or limited liability partnership (LLP); and

any corporate member, if the party is any other unincorporated association; or

(2) State that there "is no parent, shareholder, member, or partner to identify as required by LCR 7.1(a)(1).["]

LCR 7.1(a).

Full disclosure is critical to a proper disqualification analysis under 28 U.S.C. § 455. But many of the Defendants' corporate disclosure statements fail to adhere to the requirements of Federal Rule of Civil Procedure 7.1(a)(1) and Local Civil Rule 7.1(a). The following table identifies such parties and their corresponding disclosure statement deficiencies:[1]

| Party | Deficiencies |
|---|---|
| Gardner Denver Nash LLC (Dkt. No. 18) | Fails to identify member(s) of the LLC or state that there are none |
| Lamons Gasket Company (Dkt. No. 23) | Fails to indicate whether any publicly held corporation owns 10% or more of its stock and, if so, to identify that corporation |
| Spirax Sarco, Inc. (Dkt. No. 24) | Fails to indicate whether any publicly held corporation owns 10% or more of its stock and, if so, to identify that corporation |
| Henry Pratt Company, LLC (Dkt. No. 44) | Fails to identify member(s) of the LLC or state that there are none |
| Sequoia Ventures Inc. and Bechtel Corporation (Dkt. No. 46) | Fails to indicate whether any publicly held corporation owns 10% or more of either of |

---

[1] As to disclosures by LLCs stating that they are wholly owned by another entity without otherwise identifying LLC members, the Court declines to scour differing state laws regarding whether LLCs may have members that are not owners. *See, e.g.*, *Plug Power Inc. v. Worthington Indus., Inc.*, No. 1:21-CV-00946 (BKS/TWD), 2022 WL 252104, at *2 (N.D.N.Y. Jan. 27, 2022) (listing cases).

ORDER DIRECTING COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 7.1 AND LOCAL CIVIL RULE 7.1 - 2

| | |
|---|---|
| | their stock and, if so, to identify that corporation[2] |
| ITT LLC (Dkt. No. 54) | Fails to identify member(s) of the LLC or state that there are none |
| Grinnell LLC (Dkt. No. 56) | Fails to identify member(s) of the LLC or state that there are none |
| Flowserve US, Inc. (Dkt. No. 62) | Fails to indicate whether any publicly held corporation owns 10% or more of its stock and, if so, fails to identify that corporation |
| Clyde Union, Inc. (Dkt. No. 67) | Fails to indicate whether any publicly held corporation other than Clyde Union (US), Inc. owns 10% or more of its stock and, if so, to identify that corporation |
| Parsons Government Services, Inc. (Dkt. No. 70) | Fails to indicate whether any publicly held corporation owns 10% or more of its stock and, if so, to identify that corporation |
| WestRock Longview, LLC (Dkt. No. 82) | Fails to identify member(s) of the LLC or state that there are none |
| Fisher Controls International LLC (Dkt. No. 86) | Fails to identify member(s) of the LLC or state that there are none |
| AECOM Energy & Construction, Inc. (Dkt. No. 100) | Fails to indicate whether any publicly held corporation owns 10% or more of its stock and, if so, to identify that corporation |
| Metalclad Insulation LLC (Dkt. No. 103) | Fails to identify member(s) of the owner LLC |
| Sterling Fluid Systems (USA) LLC (Dkt. No. 107) | Fails to identify member(s) of the LLC |
| Milton R. and Co, LLC (Dkt. No. 116) | Fails to identify member(s) of the owner LLC |

---

[2] The corporate disclosure statement avers that "no parent corporation or publically held company owns 10% or more of Bechtel Group, Inc.'s stock," Dkt. No. 46 at 1, but it does not address whether any publicly held corporation owns 10% or more of the stock of the Defendant entities, Sequoia Ventures Inc. and Bechtel Corporation.

ORDER DIRECTING COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 7.1 AND LOCAL CIVIL RULE 7.1 - 3

| | |
|---|---|
| Ecodyne Corporation (Dkt. No. 119) | Fails to identify whether any publicly held corporation owns 10% or more of its stock and, if so, to identify that corporation |
| 3M Company | No corporate disclosure statement filed |

The above-listed defendants shall have 10 days from the date of this Order to cure the identified deficiencies by filing amended corporate disclosure statements. Failure to do so may result in sanctions.

The Court further observes that several defendants have not yet appeared or filed corporate disclosure statements. Those parties should diligently review this Order—and the mistakes of their co-defendants—before filing their disclosure statements.

Dated this 31st day of July, 2024.

Lauren King
United States District Judge

ORDER DIRECTING COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 7.1 AND LOCAL CIVIL RULE 7.1 - 4